**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JOHN ANDREW NOONAN | * | |
| Plaintiff | * | |
| v | * | Civil Action No. WDQ-09-2406 |
| JOHN GALINAITIS, ELISA GALINAITIS, JENNIFER POIST, and PFC JAMES A. POIST | * * | |
| Defendant | * | |

\*\*\*

**MEMORANDUM**

The complaint and a Motion to Proceed In Forma Pauperis were filed on September 8, 2009. Because Plaintiff appears to be indigent, his motion will be granted.

The complaint alleges Defendants, all private citizens, violated Noonan's constitutional rights in relation to a contract for employment and a related lease agreement. Paper No. 1. Although Noonan mentions "other state law claims," he does not specify those claims. He seeks monetary damages, freezing damages awarded in another case[1] in which he is not a party, an order requiring criminal prosecution against Defendants, and a dishonorable discharge of the "additional Defendant." *Id*. at p. 7.

A claim of constitutional rights violation requires state actors. Specifically, each Defendant must be either a state official or someone who has acted with a state official, has obtained significant aid from a state official, or whose conduct is somehow attributable to the state. Defendants named in the instant complaint are not state officials, and no official conduct

---

[1] Plaintiff seeks "freezing the releasing of any monetary payments" in *Galinaitis v. Tyler*, Civil Action No. AMD-08-2630 (D. Md. 2008) . The case was dismissed without prejudice on March 10, 2009.

is alleged.  Although a peace order was sought by Defendants against Plaintiff, that conduct is not official.

In limited circumstances, seemingly private conduct may be the subject of a §1983 suit: (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen.  *See DeBauche v. Trani*, 191 F. 3d 499, 507 (4th Cir. 1999).  None of the acts alleged in the Complaint is within these categories. "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state." *Andrews v. Federal Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir.1993).  These claims must, therefore, be dismissed.

To the extent that state claims are raised in the Complaint, they are dismissed without prejudice.  A separate Order follows.


September 25, 2009                                              _____/s/_____
Date                                                                         William D. Quarles, Jr.
                                                                                 United States District Judge